# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JEREMY THOMAS ALLEN, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| DONALD BARROW, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-2475-ODE-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion

and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 16th day of December, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEREMY THOMAS ALLEN, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| DONALD BARROW, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-2475-ODE-RGV |

## FINAL REPORT AND RECOMMENDATION

Petitioner Jeremy Thomas Allen, an inmate at the Washington State Prison in Davisboro, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his February 28, 2005 conviction in the Superior Court of Gwinnett County. The matter is now before the Court on the petition, [Doc. 1], and respondent's answer-response, [Doc. 11]. For the following reasons, the undersigned **RECOMMENDS** that the petition be **DENIED**.

## I. PROCEDURAL HISTORY

Following a jury trial in the Superior Court of Gwinnett County, petitioner, a juvenile, was convicted of robbery and two counts of felony murder and received a total sentence of life imprisonment. [Doc. 12-1 at 101, 106-07]. Robert Walker represented petitioner at trial. [Doc. 12-5 at 72]. The Georgia Supreme Court summarized the evidence presented at trial as follows:

On the night of the crimes, 16–year–old Austin Roebuck and three other teenage boys went to a convenience store to meet with, and sell marijuana to, [petitioner], [co-defendant] Aaron Banks and David Delamar. Before going to the meeting, [petitioner], Banks and Delamar decided to take the marijuana, not purchase it. [Petitioner] brought a pistol, which he handed to Delamar. When the two groups met, Roebuck handed the marijuana to [petitioner] for inspection. [Petitioner] inspected the marijuana; then he, Banks and Delamar turned and began running through the woods behind the convenience store. As Roebuck gave chase, Delamar fired a single fatal gunshot which struck Roebuck in the chest.

Allen v. State, 658 S.E.2d 580, 582 (Ga. 2008).

Represented by new counsel, Pamela T. Britt, petitioner filed a direct appeal, arguing that: (1) his videotaped statement was obtained in violation of his rights under the Georgia Constitution; (2) his trial counsel was ineffective for failing to prepare and present evidence of mitigating juvenile factors during the hearing on the voluntariness of his statement; (3) trial counsel was also ineffective for failing to request funds for an expert to evaluate petitioner and present testimony on whether he had the ability or understanding to knowingly and intelligently waive his rights; (4) the trial court erred in denying petitioner's motion for funds to hire an expert witness to present testimony at the hearing on petitioner's motion for a new trial; (5) trial counsel was ineffective for failing to properly impeach a state's witness with his prior contradictory statement regarding whether the marijuana was voluntarily handed to petitioner or snatched from the victim by petitioner; and (6) trial counsel was ineffective for failing to consult with

petitioner about lesser included charges, specifically voluntary or involuntary manslaughter. [Doc. 12-29 at 85-104]; Appellant's Br., Allen v. State, No. S08A0073, 2007 WL 5662245 (Ga. Sept. 26, 2007). On March 10, 2008, the Georgia Supreme Court affirmed petitioner's convictions and sentence. Allen v. State, 658 S.E.2d 580, 585 (Ga. 2008).

On February 17, 2009, petitioner filed a habeas corpus petition in the Superior Court of Washington County. [Doc. 12-31]. In addition to reasserting the grounds raised on direct appeal, petitioner argued that: (1) his videotaped statement was obtained in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution; (2) his trial counsel was ineffective for failing to consult with him about plea bargains; (3) trial counsel was ineffective for failing to object to the court's refusal to re-instruct the jury on felony murder; (4) trial counsel was also ineffective for "failing to act when circumstances suggested an unseemly desire by the judge to rush the resolution of the case"; (5) trial counsel's argument to the jury regarding the definition of robbery by sudden snatching was flawed and an incorrect statement of the law; (6) his due process rights were violated when the trial court refused to re-instruct the jury on felony murder; (7) appellate counsel was ineffective for not presenting every mitigating juvenile factor for the court's consideration; and (8) appellate counsel was ineffective for not arguing that the trial court denied

3

petitioner due process by failing to re-instruct the jury on felony murder. [Doc. 12-31 at 4-6; Doc. 12-32 at 8-38]. After a January 29, 2010 evidentiary hearing, the state habeas court entered a written order denying the petition. [Doc. 12-33]. On June 27, 2011, the Georgia Supreme Court denied petitioner a certificate of probable cause to appeal the denial of habeas corpus relief. [Doc. 12-35].

On July 14, 2011, petitioner executed this § 2254 petition, arguing that: (1) his videotaped statement was obtained in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution; and (2) his trial counsel was ineffective for failing to (a) argue that petitioner invoked his right to counsel during his initial interrogation but later waived that right, (b) prepare or present evidence of mitigating juvenile factors during the Jackson-Denno[1] hearing, (c) request funds for an expert on the juvenile state of mind during custodial interrogation, (d) impeach a state's witness with prior inconsistent statements, (e) consult with petitioner about lesser included offenses, (f) consult with petitioner about plea bargains, (g) object to the trial court's refusal to recharge the jury on felony murder, (h) do anything "when it appeared the trial court had a desire to rush the resolution of the case," and

---

[1] In Jackson v. Denno, 378 U.S. 368 (1964), the Supreme Court held that when a defendant objects to the introduction of his statement as involuntary, due process requires the trial court to make an independent determination that the statement is voluntary before it may be heard by the jury.

4

(i) present a legally correct argument to the jury regarding the definition of robbery. [Doc. 1 at 5-6, 16-17]. Respondent argues that grounds 1, 2(a), and 2(f) through 2(i) are procedurally defaulted and that the Georgia Supreme Court's rejection of grounds 2(b) through 2(e) is entitled to deference. [Doc. 11-1 at 2-10].

## II. DISCUSSION

### A. <u>Procedurally Defaulted Grounds for Relief</u>

#### 1. <u>Rules Regarding Procedural Default</u>

In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective. 28 U.S.C. § 2254(b)(1). "Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court . . . ." <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994). Thus, when "the last state court to review the claim" finds that a claim is defaulted because the petitioner failed to raise it at trial or on direct appeal, the petitioner is not entitled to review of that claim in a federal habeas corpus proceeding. <u>Hill v. Jones</u>, 81 F.3d 1015, 1022 (11th Cir. 1996) ("Federal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim

5

states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief.").

The procedural default rule with respect to federal habeas corpus petitions is not without exceptions, however. A petitioner can overcome a procedural default by showing "cause" for the default and resulting "prejudice" or that "a fundamental miscarriage of justice" will occur if the claim is not addressed. Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000). See also Agan v. Vaughn, 119 F.3d 1538, 1548 (11th Cir. 1997) ("A state court's determination that a claim is barred from review in state court because of the petitioner's failure to comply with state law procedures for presenting the claim precludes federal habeas review of that claim, unless the petitioner can show both cause for the default and prejudice arising therefrom or that the failure to review the claim would result in miscarriage of justice." (internal quotation marks and citation omitted)). An ineffective-assistance-of-counsel claim, if both exhausted and not procedurally defaulted, may constitute cause. Hill, 81 F.3d at 1029-31. If a petitioner has not shown cause to excuse the procedural default, a federal court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violation. McCleskey v. Zant, 499 U.S. 467, 502 (1991). In order to establish that a failure to review a defaulted claim will result in a fundamental miscarriage of justice, a petitioner must support his claim with "new reliable evidence

6

. . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995).

> **2.    Grounds 1, 2(a), and 2(f) through 2(i)**

As to ground one, although petitioner argued on direct appeal, through new counsel, that the introduction of his videotaped statement violated his rights under the Georgia Constitution because he had requested to have his mother or an attorney present when he was questioned, he did not argue that it also violated his rights under the United States Constitution.  Appellant's Br., <u>Allen v. State</u>, No. S08A0073, 2007 WL 5662245, at *9-12 (Ga. Sept. 26, 2007).  Petitioner mentioned in his brief on direct appeal that the Georgia Supreme Court stated in <u>Gissendaner v. State</u>, 269 Ga. 495 (1998), that "under <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981), authorities may not interrogate a suspect in custody who has requested counsel, unless counsel is made available, or the accused initiates further communication with police."  <u>Id.</u> at *12. However, petitioner relied on <u>Gissendaner</u> to support his claim that his juvenile confession was obtained in violation of Georgia law because police continued to question him after he asked for his mother, an attorney, or someone to be present during the questioning.

AO 72A
(Rev.8/82)

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (per curiam) (holding that a petitioner had not exhausted a claim because "he did not assert [the] claim as a matter of federal law"). In order to fairly present federal claims to the state courts, a petitioner must bring the claims in such a way "that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (citation omitted). State courts must be afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Id. (citation omitted). Accordingly, "the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." Id. at 1303 (internal quotation marks, alteration, and citation omitted).

In McNair, the Eleventh Circuit held that the petitioner's citation to a single federal case in his state appellate brief and a passing reference to various amendments of the United States Constitution in the conclusion of that brief were insufficient to satisfy the exhaustion requirement, where he relied almost exclusively on state law to support his claim. McNair, 416 F.3d at 1303-04. Additionally, the Eleventh Circuit

8

has recently held that the state court was not on notice of petitioner's federal due process claim, and thus, the issue was not properly exhausted, where petitioner mentioned his federal constitutional rights only in an opening paragraph. Ramos v. Sec'y, Fla. Dep't of Corr., No. 10-10641, 2011 WL 4472231, at *7 (11th Cir. 2011). Here, petitioner raised his claim on direct appeal regarding the admission of his videotaped statement only under the Georgia Constitution, and the passing reference to Edwards was even more obscure than the arguments found to be insufficient in McNair and Ramos, and thus, it was insufficient to alert the state court to the federal nature of his claim. Accordingly, petitioner did not exhaust ground one on direct appeal. See Gray, 518 U.S. at 162-63; Jimenez, 481 F.3d at 1342.

Petitioner raised this federal ground in his state habeas petition, and the state court declined to review the issue on the merits, finding that petitioner's challenge to the evidence as violating the Georgia Constitution had been litigated on direct appeal. [Doc. 12-33 at 3]. Although the state court did not expressly address petitioner's claim that the admission of his videotaped statement also violated his rights under the United States Constitution, it would have found the claim procedurally defaulted due to petitioner's failure to raise it on direct appeal. See O.C.G.A. § 9-14-51 (providing that where a petitioner fails to comply with "procedural rules at trial and on appeal[,] . . . habeas corpus relief shall not be granted"); Chambers v. Thompson, 150 F.3d 1324,

1326 (11th Cir. 1998) (noting that the Supreme Court has held "claims to be procedurally barred from federal habeas review based upon its prediction that state courts would hold a state collateral remedy was unavailable to the petitioners in the circumstances"). Therefore, petitioner's claim in ground one is procedurally defaulted.

Even if the Court were to reach the merits, ground one fails. An accused who wants to invoke his right to remain silent or his right to counsel must do so unambiguously. <u>Berghuis v. Thompkins</u>, _ U.S. _, 130 S. Ct. 2250, 2259-60 (2010). "If an accused makes a statement concerning the right to counsel 'that is ambiguous or equivocal' or makes no statement, the police are not required to end the interrogation, . . . or ask questions to clarify whether the accused wants to invoke his . . . rights." <u>Id.</u> Moreover, "there is no clearly established *federal constitutional requirement*: (1) that police officers advise juveniles, suspected of state crimes, of a right to have a parent present during questioning, or (2) that interrogation cease upon a juvenile's request for the presence of a parent or guardian." <u>Hall v. Thomas</u>, 611 F.3d 1259, 1289 (11th Cir. 2010) (emphasis in original).

In this case, the DVD of petitioner's statement reveals that, after the detective advised petitioner that he was under arrest for murder and read petitioner his state juvenile rights, petitioner confirmed that he understood those rights. [Doc. 16-1]. Petitioner initially told the detective that he wanted someone present, either his mother

10

or an attorney. [Id.]. The detective then advised petitioner that he would be taken to a juvenile detention center and that, once he got an attorney, the attorney could contact the detective. [Id.]. Petitioner told the detectives that he would rather talk to them now because he did not want to go to jail. [Id.]. The detective left the room very briefly, and when he returned, he advised petitioner that petitioner was going to jail either way. [Id.]. The detective then asked petitioner to clarify whether he wanted his mother or an attorney present during questioning, and petitioner responded that he wanted his mother. [Id.]. Petitioner, on his own initiative, then stated that he wanted to talk to the detectives without anyone present. [Id.]. The detectives asked petitioner four times whether he was certain that he wanted to speak with them without anyone present, and petitioner confirmed each time that he did. [Id.]. Petitioner then signed a waiver of his rights and gave a statement to the detectives. [Id.]. The interrogation lasted a little over two hours, and there is no indication on the DVDs that petitioner was confused or misunderstood the seriousness of the interrogation or the questions. [Docs. 16-1, 16-2]. There is also no indication that the detectives mistreated, tricked, or coerced petitioner into waiving his rights or confessing. [Id.]. Under these circumstances, the undersigned concludes that petitioner's statement was not obtained in violation of his federal constitutional rights. See Hall, 611 F.3d at 1288-89 (holding that juvenile's confession was voluntary where officers read the juvenile his rights and specifically

11

advised the juvenile four times of his rights to remain silent and to counsel, and the recording of the juvenile's confession did not show that he was confused or misunderstood the seriousness of the interrogation, which lasted a little over an hour, or that he was mistreated, tricked, or coerced).

Petitioner's claim in ground 2(a) that trial counsel failed to argue that petitioner invoked his right to counsel during his initial interrogation and later waived that right only after further interrogation is raised for the first time in this § 2254 petition. A claim not previously raised in state court is procedurally defaulted when it is clear that a state court would now find that it is "barred by [state] law" from considering the merits of the claim. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). Georgia's rule against successive petitions for a writ of habeas corpus prohibits petitioner from returning to state court to attempt to exhaust this ground. <u>See</u> O.C.G.A. § 9-14-51. Thus, ground 2(a) is also procedurally defaulted.[2] <u>See</u> <u>Chambers</u>, 150 F.3d at 1327 (holding that, when a state procedural rule would prevent a state habeas court from considering a claim, a federal court must consider that claim procedurally defaulted).

---

[2] In any event, trial counsel cannot be faulted for failing to raise this meritless issue.

The state habeas court found grounds 2(f) through 2(i) procedurally barred from habeas review because petitioner did not raise them on direct appeal.[3] [Doc. 12-33 at 3-5]. Accordingly, Petitioner is not entitled to federal habeas review of these grounds absent an exception to the procedural default rule. See Agan, 119 F.3d at 1548. Petitioner has not alleged cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of these grounds. Therefore, petitioner is not entitled to federal habeas relief with respect to grounds 1, 2(a), and 2(f) through 2(i).

**B. Claims Adjudicated on the Merits**

**1. 28 U.S.C. § 2254 Standards**

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). In general, a state prisoner who seeks federal habeas corpus relief must first exhaust his available remedies in state court. Id. § 2254(b)(1)(A). A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or

---

[3] Where, as here, a petitioner has new counsel on his direct appeal, Georgia law requires that he raise his ineffective assistance of trial counsel claims during his direct appeal or such claims are waived and procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991).

AO 72A
(Rev.8/82)

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").

When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts. Id. at 412-13. In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. at 405; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply

14

because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. <u>Williams</u>, 529 U.S. at 413. "For purposes of § 2254(d)(1), 'an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law.'" <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011) (quoting <u>Williams</u>, 529 U.S. at 410) (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411. Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

15

Harrington, 131 S. Ct. at 786-87; see also Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable.").  Additionally, the state court's determinations of factual issues are presumed correct.  28 U.S.C. § 2254(e)(1).  A petitioner can overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous.  Id.

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved.  As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

**2.   Clearly Established Federal Law**

In this Court's review of the Georgia Supreme Court's denial of petitioner's ineffective assistance of trial counsel claims, "the relevant clearly established law [for purposes of 28 U.S.C. § 2254(d)] derives from Strickland v. Washington, 466 U.S. 668 (1984), which provides the standard for inadequate assistance of counsel under the Sixth Amendment." Premo v. Moore, 131 S. Ct. 733, 737-38 (2011) (parallel citations omitted).  "The pivotal question" before this Court "is whether the state court's

16

application of the Strickland standard was unreasonable." Harrington, 131 S. Ct. at 785. "This is different from asking whether defense counsel's performance fell below Strickland's standard." Id.

The Strickland analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. First, a convicted defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate."); see also Harrington, 131 S. Ct. at 788 ("'Surmounting Strickland's high bar is never an easy task.'" (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).

In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel,

AO 72A
(Rev.8/82)

even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Strickland</u>, 466 U.S. at 691. In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

When this deferential <u>Strickland</u> standard is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard.'" <u>Johnson v. Sec'y, DOC</u>, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting <u>Harrington</u>, 131 S. Ct. at 788). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." <u>Id.</u> at 911.

**3. Grounds 2(b)-(c): Counsel's Performance at *Jackson-Denno* Hearing**

In reviewing petitioner's ineffective assistance of trial counsel claims, the Georgia Supreme Court first correctly set forth the <u>Strickland</u> standard. <u>Allen</u>, 658 S.E.2d at 584. The court then addressed petitioner's claims that trial counsel failed to prepare or present evidence of mitigating juvenile factors during the <u>Jackson-</u>

18

<u>Denno</u> hearing or request funds for an expert on the juvenile state of mind during custodial interrogation. The court found as follows:

> At the hearing on the motion for new trial, [petitioner's] counsel testified that in preparing for the *Jackson–Denno* hearing, he reviewed the video of [petitioner's] interrogation, studied the factors set forth in <u>Riley[ v. State</u>, 226 S.E.2d 922, 926 (1976) (setting forth the test for determining whether a juvenile knowingly and intelligently waives his constitutional rights before making a statement)], interviewed [petitioner's] mother, and prepared an argument based on <u>Riley</u>. With only one exception, the evidence which [petitioner] asserts counsel should have presented at the *Jackson–Denno* hearing was made available to the court. That counsel did not introduce every single piece of evidence that another lawyer might have introduced does not require a finding of inadequate representation and [petitioner] has made no showing that the presentation of additional evidence would have altered the outcome of the trial. <u>See Solomon v. State</u>, 247 Ga. 27, 29, 277 S.E.2d 1 (1980). Nor can counsel be faulted for failing to seek funds for an expert to testify about a juvenile's mental state because such testimony would have been inadmissible.

<u>Id.</u> at 584-85 (footnotes omitted).

Petitioner has failed to meet his burden because he has not presented any specific facts or contentions to show that the Georgia Supreme Court's decision was based on an unreasonable determination of the facts. <u>See</u> <u>Pair v. Cummins</u>, 273 F. App'x 979, 981 (11th Cir. 2010) (stating that the habeas petitioner bears the burden of showing that the state court's application of federal law was objectively unreasonable). Moreover, the state court correctly applied <u>Strickland</u> in finding that trial counsel's failure to "introduce every single piece of evidence that another lawyer might have

19

introduced" is not ineffective assistance. See Waters v. Thomas, 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) ("The test for ineffectiveness is not whether counsel could have done more; perfection is not required."). Additionally, petitioner cannot show prejudice based on counsel's failure to seek funds for an expert because such evidence is inadmissable under Georgia law. Allen, 658 S.E.2d at 584 (holding that juvenile is not entitled to expert testimony about his emotional state of mind and voluntariness of his confession). The undersigned therefore finds that the state court's rejection of grounds 2(b) and 2(c) is entitled to deference pursuant to § 2254(d). See Harrington, 131 S. Ct. at 785; Williams, 529 U.S. at 404-05, 412-13.

**4.   Ground 2(d): Impeach State's Witness**

The Georgia Supreme Court also addressed petitioner's claim that trial counsel was ineffective for failing to properly impeach a state's witness with his prior contradictory statement regarding whether the marijuana was voluntarily handed to petitioner or snatched from the victim by petitioner. The court found this claim belied by the record, explaining that "[c]ounsel demonstrated that the witness made a statement to police which differed from his testimony at trial. Thus, he did cast doubt upon the credibility of the witness, albeit in a manner different from that suggested by [petitioner] on appeal." Allen, 658 S.E.2d at 585. Petitioner has presented no specific facts or contentions to show that this decision was unreasonable and thus, fails to meet

20

his burden.  See <u>Pair</u>, 273 F. App'x at 981.  The undersigned therefore finds that the state court's rejection of ground 2(d) is entitled to deference pursuant to § 2254(d).  See <u>Harrington</u>, 131 S. Ct. at 785; <u>Williams</u>, 529 U.S. at 404-05, 412-13.

**5.    Ground 2(e): Lesser Included Offenses**

Finally, the Georgia Supreme Court also found that petitioner's claim that trial counsel failed to consult with petitioner about lesser included offenses was contrary to the record.  <u>Allen</u>, 658 S.E.2d at 585.  The court stated "counsel testified that he did consult with [petitioner] about submitting lesser charges to the jury, but that they decided to pursue an all-or-nothing strategy."  <u>Id.</u> (citing <u>Van Alstine v. State</u>, 426 S.E.2d 360, 363-64 (1993) (rejecting claim that trial counsel was ineffective for failing to consult with defendant concerning decision to pursue "all or nothing" self-defense strategy)).  Petitioner again presents no specific facts or contentions to show that the state court's decision was unreasonable and thus, fails to meet his burden.  See <u>Pair</u>, 273 F. App'x at 981.  The undersigned therefore finds that the state court's rejection of ground 2(e) is entitled to deference pursuant to § 2254(d).  See <u>Harrington</u>, 131 S. Ct. at 785; <u>Williams</u>, 529 U.S. at 404-05, 412-13.

## III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

21

certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Based on the foregoing discussion of petitioner's grounds for relief, the resolution of

22

the issues presented is not debatable by jurists of reason, and the undersigned recommends that petitioner be denied a COA.

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], and a COA be **DENIED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 16th day of December, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)